MARCUS J. LEE, ESQ. (Nevada Bar No. 15769)
E: mlee@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorney for Sterling Infosystems, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN REID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STERLING INFOSYSTEMS, INC.,<br><br>　　　　Defendant. | Case No. 2:26-cv-00384-DJA<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant STERLING INFOSYSTEMS, INC., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**COMPLAINT NO. 1:**

Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

**ANSWER:**

Sterling admits that Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to recover his alleged damages. Sterling denies that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever. Sterling denies the remaining allegations in Paragraph No. 1 of the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT NO. 2:**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15

U.S.C. § 1681p *et seq.*

**ANSWER:**

Sterling admits the allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT NO. 3:**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here and the Defendants transact business here.

**ANSWER:**

Sterling admits that venue is proper in this judicial district. Sterling denies the remaining allegations in Paragraph No. 3 of the Complaint.

**PARTIES**

**COMPLAINT NO. 4:**

Plaintiff is a resident of the State of Nevada, County of Clark.

**ANSWER:**

Upon information and belief, Sterling admits the allegations in Paragraph No. 4 of the Complaint.

**COMPLAINT NO. 5:**

At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

**ANSWER:**

Sterling admits the allegations in Paragraph No. 5 of the Complaint.

**COMPLAINT NO. 6:**

Defendant Sterling Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

**ANSWER:**

Sterling admits that some of its business activities make it a "consumer reporting agency"

as that term is defined by 15 U.S.C. § 1681a(f) as to those activities only.  Sterling also admits that it conducts business in this judicial district.  Sterling denies the remaining allegations in Paragraph No. 6 of the Complaint.

**COMPLAINT NO. 7:**

Sterling is a Delaware corporation registered to do business in this State.

**ANSWER:**

Sterling admits the allegations in Paragraph No. 7 of the Complaint.

**COMPLAINT NO. 8:**

Sterling may be served with process c/o Corporation Service Company, 112 North Curry Street, Carson City, NV, 89703.

**ANSWER:**

Sterling admits that it may be served with process upon its registered agent, Corporation Service Company, at the address listed in Paragraph No. 8 of the Complaint.  Sterling denies the remaining allegations in Paragraph No. 8 of the Complaint.

**COMPLAINT NO. 9:**

Sterling is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

**ANSWER:**

Sterling denies the allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT NO. 10:**

At all times material hereto, Sterling disbursed such consumer reports to third parties under a contract for monetary compensation.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 10 of the Complaint.

///

**FACTUAL ALLEGATIONS**

**COMPLAINT NO. 11:**

Plaintiff incorporates the above allegations as if set forth here.

**ANSWER:**

Sterling restates its answers to Paragraph Nos. 1 through 10 of the Complaint as its answer to Paragraph No. 11 of the Complaint.

**COMPLAINT NO. 12:**

On or around February 14, 2024, Plaintiff applied for employment with non-party InTouchCX US, Inc.- Las Vegas (hereinafter "InTouch" or "Employer").

**ANSWER:**

Sterling lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 of the Complaint.

**COMPLAINT NO. 13:**

As part of Employer's background check and before hiring Plaintiff, it obtained a consumer report from Sterling.

**ANSWER:**

Sterling admits that it prepared a background report on Plaintiff for Intouch CX US Inc. ("Intouch").  Sterling lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT NO. 14:**

On information and belief, on date(s) better known to Sterling, it issued background reports concerning the Plaintiff to InTouch.

**ANSWER:**

Sterling admits that it prepared a background report on Plaintiff for Intouch.  Sterling denies the remaining allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT NO. 15:**

The report issued contained inaccuracies.

///

4

**ANSWER:**

Sterling denies the allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT NO. 16:**

The Sterling report contained an entry of case number M237295 from San Diego, California that Plaintiff was guilty of driving under the influence on September 22, 2017 it also included information that there was an active bench warrant issued with regard to this case.

**ANSWER:**

Sterling admits that the background report it prepared on Plaintiff for Intouch included the following information regarding Case No. M237295:

Case Number: **M237295**
File Date: **2017-09-01**
Last Name: **REID**
First Name: **STEVEN**
DOB: **8/3/XX**
Case Type: **Conviction**
Case Level: **Misdemeanor**
Filed Date: **9/1/2017**
Disposition Date: **9/22/2017**
Additional Info: **ALCOHOL PROGRAM.**

**INSTALL IGNITION INTERLOCK DEVICE FOR 1 YEAR.**

**ON 02/06/2019 BENCH WARRANT ISSUED-ACTIVE.**

Charges

Type: **Misdemeanor**
Original Charge: **Driving Under The Influence 0.08% Or More**
Disposition: **Guilty**
Sentence: **Type: Probation**
**Suspended: No**
**Length: 5 Years**

Sterling denies the remaining allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT NO. 17:**

In fact, this case had no active warrant nor did it ever have an active warrant.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT NO. 18:**

The information furnished by Defendant Sterling is inaccurate.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 18 of the Complaint.

5

**COMPLAINT NO. 19:**

Sterling has been reporting this inaccurate information through the issuance of false and inaccurate background information and reports that it has disseminated to various persons and employers, both known and unknown.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT NO. 20:**

The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 20 of the Complaint.

**COMPLAINT NO. 21:**

The Bureau's reporting of the above-referenced information was inaccurate and materially misleading.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 21 of the Complaint.

**Damages**

**COMPLAINT NO. 22:**

As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 22 of the Complaint.

**COMPLAINT NO. 23:**

Due to Defendant's inaccurate reporting as described above, Plaintiff was denied employment with InTouch.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 23 of the Complaint.

///

**COMPLAINT NO. 24:**

Defendant's erroneous reporting also affected and continues to affect Plaintiff's reputation.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 24 of the Complaint.

**COMPLAINT NO. 25:**

Plaintiff suffered damage to his reputation as it falsely appears as if there was an open warrant for his arrest that he was avoiding.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 25 of the Complaint.

**COMPLAINT NO. 26:**

This falsity was published to one or more third parties.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 26 of the Complaint.

**COMPLAINT NO. 27:**

This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 27 of the Complaint.

**COMPLAINT NO. 28:**

Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendant's willful and negligent actions, loss of employment, reputational harm, a chilling effect on applications for employment, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment denial and having others see the false criminal information.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 28 of the Complaint.

///

**COMPLAINT NO. 29:**

Plaintiff was severely distressed by the ordeal he was put through by Defendant.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 29 of the Complaint.

**COMPLAINT NO. 30:**

When Plaintiff reviewed the inaccurate consumer report, he felt mad, frustrated, and humiliated by the gross inaccuracies and false records.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 30 of the Complaint.

**COMPLAINT NO. 31:**

Defendant also feared that such reporting could cause further harm.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 31 of the Complaint.

**COMPLAINT NO. 32:**

Due to Defendant's actions, Plaintiff had difficulty with sleep and suffered anxiety and stress.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 32 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C. § 1681e(b) as to the Bureau)**

**COMPLAINT NO. 33:**

Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

**ANSWER:**

Sterling restates its answers to Paragraph Nos. 1 through 32 as its answer to Paragraph No. 33 of the Complaint.

**COMPLAINT NO. 34:**

This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681

8

*et seq.*

**ANSWER:**

Sterling admits that Plaintiff brings this action for alleged willful and negligent violations of the FCRA. Sterling denies that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever. Sterling denies the remaining allegations in Paragraph No. 34 of the Complaint.

**COMPLAINT NO. 35:**

The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 35 of the Complaint.

**COMPLAINT NO. 36:**

The Bureau has willfully and recklessly failed to comply with the Act.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 36 of the Complaint.

**COMPLAINT NO. 37:**

In the alternative, the Bureau has negligently failed to comply with the Act.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 37 of the Complaint.

**COMPLAINT NO. 38:**

The failure of the Bureau to comply with the Act includes but is not necessarily limited to the following:

    a.    The failure to establish reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

c.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete; and

d.    The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the consumer report of the consumer.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 38 of the Complaint.

**COMPLAINT NO. 39:**

As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 39 of the Complaint.

**COMPLAINT NO. 40:**

The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 40 of the Complaint.

**COMPLAINT NO. 41:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 41 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

///

10

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by Sterling. To the extent an answer is required, Sterling denies that Plaintiff is entitled to any relief whatsoever.

**SECOND CAUSE OF ACTION**
**(Violations of 15 U.S.C. § 1681k(a)(2) as to the Bureau)**

**COMPLAINT NO. 42:**

Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

**ANSWER:**

Sterling restates its answers to Paragraph Nos. 1 through 41 as its answer to Paragraph No. 42 of the Complaint.

**COMPLAINT NO. 43:**

This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

**ANSWER:**

Sterling admits that Plaintiff brings this action for alleged willful and negligent violations of the FCRA. Sterling denies that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever. Sterling denies the remaining allegations in Paragraph No. 43 of the Complaint.

**COMPLAINT NO. 44:**

15 U.S.C. § 1681k(a)(2) requires the Bureau to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 44 of the Complaint.

**COMPLAINT NO. 45:**

The Bureau violated15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures

designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 45 of the Complaint.

**COMPLAINT NO. 46:**

The Bureau had actual notice that the information it provided was likely to have an adverse effect on Plaintiff's ability to obtain employment, as InTouch purchased this information from the Bureau to evaluate Plaintiff for employment purposes.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 46 of the Complaint.

**COMPLAINT NO. 47:**

The Bureau has willfully and recklessly failed to comply with the Act.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 47 of the Complaint.

**COMPLAINT NO. 48:**

In the alternative, the Bureau has negligently failed to comply with the Act.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 48 of the Complaint.

**COMPLAINT NO. 49:**

As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 49 of the Complaint.

**COMPLAINT NO. 50:**

The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 50 of the Complaint.

**COMPLAINT NO. 51:**

Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 51 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, an individual, demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by Sterling.  To the extent an answer is required, Sterling denies that Plaintiff is entitled to any relief whatsoever.

**DEMAND FOR TRIAL BY JURY**

**COMPLAINT NO. 52:**

Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

**ANSWER:**

Sterling admits that Plaintiff demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment from each Defendant:

a)      For actual damages provided and pursuant to 15 U.S.C. § 16810 (a) be awarded for each negligent violation as alleged herein;

b)      For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)      For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)      For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

13

e)     For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f)     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 16810 (a)(2) and 15 U.S.C. § 1640(a)(3); and

g)     For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by Sterling.  To the extent an answer is required, Sterling denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

Plaintiff is not entitled to punitive damages because Sterling engaged in good faith efforts to comply with the FCRA, Sterling's reading of its obligations under the FCRA was and is objectively reasonable, and any purported violations were not willful.

**SECOND DEFENSE**

To the extent Plaintiff has failed to mitigate his alleged damages, any recovery should be reduced accordingly.

Dated this 8th day of June 2026.

O'HAGAN MEYER PLLC


By_____/s/ Marcus J. Lee_____
    MARCUS J. LEE
    Nevada Bar No. 15769
    300 S. 4th Street, Sute 1250
    Las Vegas, NV 89101
    T: 725.286.2801

    *Attorney for Sterling Infosystems, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 8th day of June, 2026, I electronically filed and served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court through Case Management/Electronic Filing System as follows:

Robert M. Tzall, Esq.
CONTEMPORARY LEGAL SOLUTIONS PLLC
2551 North Green Valley Pkwy Building C
Suite 303
Henderson, Nevada 89014
T: 702.666.0233
E: office@contemporarylegalsolutions.com

*Attorneys for Plaintiff*

By:                                    */s/ Krystle Platero*
                                        An Employee of
                                        O'HAGAN MEYER PLLC